**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Deneke, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Stoneleigh Recovery Associates, LLC, ) | |
| ) | |
| Defendant. ) | |

### NATURE OF ACTION

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Bobby Deneke ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Stoneleigh Recovery Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Defendant spoke with Plaintiff via telephone call on October 22, 2010 @ 11:48 A.M. in connection with collection of debt, and at such time, used language the natural consequence of which was to abuse Plaintiff, including telling Plaintiff:

a. "I don't care what you say. I'm sick of your attitude;" and

b. "I already told you. You're not listening very well, are you?" (15 USC § 1692d(2)).

13. Defendant sent Plaintiff written communication dated March 24, 2010 confirming Plaintiff's and Defendant's agreement to settle the case in full.

14. Plaintiff was required to make six (6) payments of $420.89 by the end of each month starting March 31, 2010 and ending August 31, 2010.

15. Plaintiff's account was debited by Defendant each month per agreement.

16. Before the last payment was made Plaintiff contacted Defendant via telephone call to notify Defendant that Plaintiff's account would have insufficient funds and requested an extension of time to make Plaintiff's final payment.

17. Defendant, via its agent and/or employee "Marco Brown," allowed Plaintiff extra time to make the final payment because Plaintiff had made all of his prior payments in a timely manner.

18. However, Defendant debited Plaintiff's account before the extension was up and without notifying Plaintiff in writing.

19. Defendant, via its agent and/or employee "Marco Brown," called Plaintiff on September 9, 2010 to inform Plaintiff of the early debit and requested that Plaintiff place a "stop payment" on the automatic withdrawal.

20. Plaintiff allowed Defendant to speak with a representative at Plaintiff's bank, who informed Defendant that the payment had posted. Defendant assured Plaintiff that these events would be deemed in compliance with Plaintiff and Defendant's settlement agreement.

21. Plaintiff then made his final payment via check card on September 20, 2010.

22. However, Defendant subsequently alleged that Plaintiff now owes an amount in excess of the agreed-upon amount, including daily interest. (15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1), 1692f(2));

23. Defendant, via its agent and/or employee, spoke with Plaintiff via cellular telephone call on October 22, 2010, and at such time, made multiple false representations in connecting with the collection of an alleged debt from Plaintiff, including stating to Plaintiff that:

    a. Plaintiff's final payment was due on August 30, 2010, when the payment was actually due on August 31, 2010;

    b. Defendant did not employ anyone named "Marco."

    c. The "stop payment" placed on the final automatic withdrawal was made by Plaintiff, when in fact, the stop payment was effected by Defendant's agent and/or employee "Marco Brown."

(15 U.S.C. § 1692e(10));

24. Defendant, via its agent and/or employee, wantonly and capriciously withdrew an offer of settlement it had offered to Plaintiff during the very communication in which the offer was made. (15 U.S.C. § 1692f).

25. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of February, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff